SEYFARTH SHAW LLP
Ryan McCoy (SBN 276026)
rmccoy@seyfarth.com
Petersen Walrod (SBN 339521)
pwalrod@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone:     (415) 397-2823
Facsimile:     (415) 397-8549

Attorneys for Defendant
MERCER, FRASER COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JONAS, on behalf of himself and the Class Members,<br><br>               Plaintiff,<br><br>    v.<br><br>MERCER, FRASER COMPANY; and DOES 1 through 100, inclusive,<br><br>               Defendants. | Case No. 3:26-CV-01216-VC<br><br>(Humboldt Superior Court, Case No. CV2502837)<br><br>**NOTICE OF ERRATA REGARDING ECF NO. 21**<br><br>Complaint Filed:    December 30, 2025 |

326716488v.1

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL:**

Defendant Mercer, Fraser Company ("Mercer") hereby gives notice of errata regarding its Administrative Motion to Consider Whether Cases Should be Related Per LR 3-12 and 7-11 (ECF No. 21) (the "Motion").

The Motion refers to an action entitled *Steven Jonas v. Mercer, Fraser Company*, that is currently pending in the Northern District of California before the Hon. P. Casey Pitts. However, the Motion inadvertently provided an incorrect case number, instead of the correct case number, 5:26-cv-04666-PCP. A corrected copy of the Motion and Proposed Order (ECF No. 21-1) are attached hereto as **Exhibit A**, and **Exhibit B**, respectively.

Mercer apologies to the Court for any inconvenience caused by this error.

DATED: June 22, 2026                                  SEYFARTH SHAW LLP


By: /s/ Petersen D. Walrod
    Ryan McCoy
    Petersen Walrod
    Attorney for Defendant
    MERCER, FRASER COMPANY

2

NOTICE OF ERRATA REGARDING ECF NO. 21

326716488v.1

# Exhibit A

SEYFARTH SHAW LLP
Ryan McCoy (SBN 276026)
rmccoy@seyfarth.com
Petersen Walrod (SBN 339521)
pwalrod@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

Attorneys for Defendant
MERCER, FRASER COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JONAS, on behalf of himself and the Class Members,<br><br>              Plaintiff,<br><br>      v.<br><br>MERCER, FRASER COMPANY; and DOES 1 through 100, inclusive,<br><br>              Defendants. | Case No. 3:26-CV-01216-VC<br><br>(Humboldt Superior Court, Case No. CV2502837)<br><br>**ADMINISTRATIVE MOTION BY DEFENDANT TO CONSIDER WHETHER CASES SHOULD BE RELATED PER LR 3-12 AND 7-11; AND DECLARATION OF PETERSEN D. WALROD**<br><br>Complaint Filed:    December 30, 2025 |

ADMINISTRATIVE MOTION BY DEFENDANT TO CONSIDER WHETHER CASES SHOULD
BE RELATED PER LR 3-12 AND 7-11

326716143v.1

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL:**

Pursuant to Civil Local Rules 3-12(b) and 7-11, Defendant MERCER, FRASER COMPANY ("Defendant") files this Administrative Motion to Consider Whether Cases Should Be Related. Defendant submits that the subsequently-filed action entitled *Steven Jonas v. Mercer, Fraser Company*, Case No. N.D. Cal. 5:26-cv-04666-PCP (the "PAGA Action")[1] is related to the instant action, *Steven Jonas v. Mercer, Fraser Company*, N.D. Cal. Case No. 3:26-CV-01216-VC (the "Class Action").

Civil Local Rule 3-12(a) provides that an action is related to another when: "(1) The allegations concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

These criteria are met here. The two actions involve substantially the same parties. In the PAGA Action, Plaintiff Steven Jonas ("Plaintiff") is the suing Defendant as a representative of the State of California on behalf of allegedly aggrieved employees; in the Class Action, the same Plaintiff is suing the same Defendant on behalf of potential class members. In both cases, Plaintiff brings nearly the same underlying legal claims against Defendant (albeit, in the PAGA Action, through the California Private Attorneys General Act). In the Class Action, these claims are for: (1) failure to pay overtime; (2) violations of California's meal period laws; (3) violations of California's rest beak laws; (4) failure to reimburse business expenses; (5) failure to provide timely and accurate wage statements; (6) waiting time penalties; and (7) unlawful business practices under California's unfair competition law (the "UCL"). In the PAGA Action, the underlying claims upon which Plaintif's PAGA claims are based are: (1) failure to pay overtime; (2) violations of California's meal and rest premium laws; (3) failure to reimburse business expenses; (4) failure to provide timely and accurate wage statements; (5) waiting time penalties; and (6) failure to timely pay wages. The only claims that are not identical are the Class Action's UCL claim, which cannot be brought under PAGA, and the PAGA Action's claim for failure to timely pay wages.

---

[1] See, Declaration of Petersen D. Walrod in Support of Defendant's Administrative Motion, ¶ 4, Ex. A (PAGA Action Complaint). The Court may take judicial notice of this filing pursuant to FRE 201.

2

ADMINISTRATIVE MOTION BY DEFENDANT TO CONSIDER WHETHER CASES SHOULD BE RELATED PER LR 3-12 AND 7-11

326716143v.1

Therefore, both actions are subject to the same or almost entirely overlapping elements, proofs, and defenses (including, for example, the Labor Management Relations Act and the Federal Motor Carrier Safety Act, that Defendant raised in its Motion to Dismiss in the Class Action case). These defenses would apply equally to the Class Action and the PAGA Action under the California Labor Code section 2699(c)(1) as amended in 2024, which only permits a PAGA claim to be brought by an Aggrieved Employee who has "personally suffered each of the violations alleged during the period prescribed under Section 340 of the Code of Civil Procedure." In other words, the legal defenses that Defendant asserts in the Class Action would also be dispositive of the corresponding underlying claims as to the PAGA Action. Therefore, not relating the cases threatens the issuance of inconsistent holdings by different judicial officers within this district as to the same issues, including issues potentially dispositive of both cases. *See e.g.*, *Smith v. MV Transportation, Inc.*, No. 2:25-CV-08689-DSF-E, 2026 WL 205955, at *7 (C.D. Cal. Jan. 22, 2026) ("The Court agrees with Defendants that Smith may pursue civil penalties under PAGA for California Labor Code violations only to the extent that he personally suffered those violations. If Smith is exempt from state rest period law, he may not represent other aggrieved employees on that rest period claim.").

Thus, given that both actions concern substantially the same parties, the same underlying Labor Code claims, and substantially the same legal arguments and claims, there will be an unduly burdensome duplication of labor and expense, judicial resources, and potentially inconsistent results, if the two actions were to be conducted before different Judges. Accordingly, relating the PAGA Action and the Class Action will serve the interests of judicial economy and avoid the potential for conflicting results, consistent with Civil Local Rule 3-12(a).

Defendant attempted to reach a stipulation as to the relatedness of the cases with counsel for Plaintiff, but Plaintiff indicated they were "not agreeable" to so stipulate. See, Declaration of Petersen D. Walrod in Support of Defendant's Administrative Motion, ¶ 2, 3.

For these reasons, Defendant respectfully requests that this Court enter an order relating the PAGA Action with the Class Action.

ADMINISTRATIVE MOTION BY DEFENDANT TO CONSIDER WHETHER CASES SHOULD BE RELATED PER LR 3-12 AND 7-11

326716143v.1

DATED: June 22, 2026                          SEYFARTH SHAW LLP


By: /s/ Petersen D. Walrod
        Ryan McCoy
        Petersen Walrod
        Attorney for Defendant
        MERCER, FRASER COMPANY

4

ADMINISTRATIVE MOTION BY DEFENDANT TO CONSIDER WHETHER CASES SHOULD
BE RELATED PER LR 3-12 AND 7-11

326716143v.1

## DECLARATION OF PETERSEN D. WALROD

I, Petersen D. Walrod declare and state as follows:

1.      I am an attorney duly admitted to practice before the courts of the State of California. I am an Associate with the law firm Seyfarth Shaw, attorneys of record in the above-titled action for Defendant Mercer, Fraser Company ("Defendant") as well as for *Steven Jonas v. Mercer, Fraser Company*, Case No. N.D. Cal. 5:26-cv-04666-PCP (the "PAGA Action"). I am familiar with the documents and pleadings on file in this action and have personal knowledge of the facts stated herein. If called and sworn as a witness, I could and would competently testify thereto.

2.      On May 28, 2026, I sent email correspondence to Plaintiff Steven Jonas's ("Plaintiff") counsel, requesting that Plaintiff stipulate that the PAGA Action is related to the instant action, *Steven Jonas v. Mercer, Fraser Company*, N.D. Cal. Case No. 3:26-CV-01216-VC (the "Class Action"). My email stated:

> Counsel,
>
> We wanted to discuss the possibility of relating the class action case (3:26-cv-01216-VC) and the PAGA case (5:26-cv-04666-pcp). Our view is that the two cases clearly satisfy N.D. Cal.'s definition of related cases under LR 3-12, and that it would be an unnecessary waste of judicial and party resources to have separate cases for each. We also think that, given LR 3-12(c) and (f), that it would be appropriate to refer the request to the class action because it is the lower-numbered case. Accordingly, we propose a stipulation of the following: (1) that the class action and PAGA cases are related; (2) that the parties jointly request for Judge Chhabria to deem the cases related; and (3) that the parties jointly request that the PAGA case be reassigned to Judge Chhabria pursuant to LR 3-12(f)(3).
>
> Please let us know if you would be amenable to this request, and we will prepare a stipulated administrative motion to deem the cases related. Thank you.
>
> Sincerely,
>
> Petersen

3.      On June 10, 2026, Plaintiff's counsel responded, stating that "We are not agreeable to the proposed stipulation." After I asked for clarification what the basis for their refusal to stipulate was, Plaintiff's counsel stated "To clarify, we are not agreeable at this time.  We intend to move to remand the PAGA case. If that is denied, then we can revisit the issue."

5

ADMINISTRATIVE MOTION BY DEFENDANT TO CONSIDER WHETHER CASES SHOULD
BE RELATED PER LR 3-12 AND 7-11

326716143v.1

4.    A true and correct copy of the complaint filed by Plaintiff in the PAGA Action is attached hereto as **Exhibit A**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 15, 2026, in San Francisco, California.

By: /s/ Petersen D. Walrod

Petersen D. Walrod

6

ADMINISTRATIVE MOTION BY DEFENDANT TO CONSIDER WHETHER CASES SHOULD BE RELATED PER LR 3-12 AND 7-11

326716143v.1

# Exhibit B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JONAS, on behalf of himself and the Class Members,<br><br>                 Plaintiffs,<br><br>      v.<br><br>MERCER, FRASER COMPANY; and DOES 1 through 100, inclusive,<br><br>                 Defendants. | Case No. 3:26-CV-01216-VC<br><br>(Humboldt Superior Court,<br>Case No. CV2502837)<br><br>**[PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION BY DEFENDANT TO CONSIDER WHETHER CASES SHOULD BE RELATED PER LR 3-12 AND 7-11**<br><br>Complaint Filed:   December 30, 2025 |

# [PROPOSED] ORDER

Having considered Defendant Mercer, Fraser Company's Administrative Motion to Consider Whether Cases Should be Related Per Local Rules 3-12 and 7-11, which requests that this Court deem the case *Steven Jonas v. Mercer, Fraser Company*, N.D. Cal. Case No. 5:26-cv-04666-PCP (the "PAGA Action") related to the instant action, *Steven Jonas v. Mercer, Fraser Company*, N.D. Cal. Case No. 3:26-CV-01216-VC (the "Class Action"), as well as the pleadings on file and good cause appearing, the Court hereby **ORDERS** the Clerk to:

1.      Relate *Steven Jonas v. Mercer, Fraser Company*, N.D. Cal. Case No. 5:26-cv-04666-PCP to *Steven Jonas v. Mercer, Fraser Company*, Case No. N.D. Cal. 3:26-CV-01216-VC; and

2.      Reassign the PAGA Action to the Honorable Vince Chhabria, District Court Judge in the Northern District of California.

**IT IS SO ORDERED.**

DATED: _____                    _____

Hon. Vince Chhabria
United States District Court Judge

1

[PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION BY
DEFENDANT TO DEEM CASES RELATED PER LR 3-12 AND 7-11
CASE NO. 3:26-CV-01216-VC